**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.:**

ADDISON N. MARTIN, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

LYFT CAPITAL, INC.,

    Defendant.

**CLASS ACTION**

**PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1.  Plaintiff Addison N. Martin ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant LYFT CAPITAL, INC. (hereinafter "Lyft Capital" or "Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.  The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, Case No. 11 C 5886, 2012 WL 3292838, *2 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…" Pub. L. No. 102–243, §§ 12-13; *see also Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case arises out of violation of federal law specifically, 47 U.S.C. § 227(b).

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District. Defendant is a corporation which owns and operates Lyft Capital with its principal place of business located in Miami, Florida. Defendant is authorized to and does, in fact, conduct business in this District, has substantial contacts with this District, and has intentionally availed itself of the benefits of doing business in this District. Therefore, there is personal jurisdiction over the Defendant in this District.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. Specifically, upon information and belief, the calls that are the subject of this action were made from within this District and/or the equipment and/or software used to make the calls are located in this District. Also, upon information and belief, information and documents pertaining to the nature, timing and frequency of the calls, and pertaining to the equipment and software used to make the calls are located in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Mobile, Alabama. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a corporation which does business as Lyft Capital. Lyft Capital is principally located in Miami, Florida. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. Starting in or around September of 2017, Defendant began placing several telephone calls to Plaintiff's cellular telephone number ending in "0359" assigned to Plaintiff from wireless carrier Verizon.

11. Plaintiff received calls on several dates, including but not limited to, September 27, 2017.

12. The telephonic communications were initiated from a telephone number displayed as 786-516-2627.

13. During some of the calls from Defendant, Plaintiff heard a clicking noise and/or a delay followed by an artificial or prerecorded voice message.

14. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

18. Defendant's calls were placed to a "telephone number" assigned to a "cellular telephone service" within the meaning of 47 U.S.C. § 227(b)(1). Plaintiff pays for the cellular telephone service to which the calls were placed.

19. Upon information and belief, at least four telephone calls were made to Plaintiff's cellular phone for the purpose of marketing.

20. Defendant did not have prior express consent to place the calls to Plaintiff.

21. The telephonic communications by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

22. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected privacy interest, which is specifically addressed and protected by the TCPA.

23. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted call using an ATDS and an artificial or prerecorded voice message.

24. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

25. Defendant did not obtain Plaintiff's cellular telephone number with express consent to call him at that number. Upon information and belief, the number was obtained from a source other than Plaintiff, such as by means of skip-tracing.

26. Plaintiff is informed and believes and hereupon alleges, that the call was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control, and for Defendant's benefit.

27. Defendant's aforementioned conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class" or "Class Members") pursuant to Fed. R. Civ. P. 23.

29. Plaintiff seeks to represent the Class consisting of:

All persons within the United States who received a telephone call from Defendant or its agents and/or employees, that was not for emergency purposes, made to said person's cellular telephone through the use of any automatic telephone dialing system and/or with an artificial or prerecorded message within the four years prior to the filing of this Complaint.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class Members number in the

several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

31. The joinder of the Class Members is impractical within the meaning of Fed. R. Civ. P. 23(a)(1) and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

32. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class Members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class Members to incur cellular telephone charges or reduced cellular telephone time for which Plaintiff and the Class Members previously paid, and invaded the privacy of said Plaintiff and the Class Members.

33. This suit seeks only damages and injunctive relief in connection with economic injuries on behalf of the Class, and it expressly is not intended to request any recovery for personal injuries and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted by the facts learned from further investigation and discovery.

34. Plaintiff's claims raise questions of law and fact that are common to the Class within the meaning of Fed. R. Civ. P. 23(a)(2). There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The common questions of law and fact which predominate over questions which may affect individual Class Members, include the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

    b.    Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

    c.    Whether Defendant's conduct was knowing and/or willful;

    d.    Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

    e.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

35.    As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class within the meaning of Fed. R. Civ. P. 23(a)(3).

36.    Plaintiff will fairly and adequately represent and protect the interests of the Class within the meaning of Fed. R. Civ. P. 23(a)(4).  Plaintiff has no interests antagonistic to any member of the Class and Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

37.    A class action is maintainable under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

38. A class action is also maintainable under Fed. R. Civ. P. 23(b)(3) because Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Member's claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class Members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227,** *et seq.*

40. Plaintiff incorporates by reference all paragraphs 1-39 of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227, *et seq.*

44. Plaintiff incorporates by reference paragraphs 1-39 of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray for judgment as follows against Defendant as follows:

  a. Certification of the Class as requested herein;

  b. Appointment of the Plaintiff to serve as the Class Representative in this matter;

  c. Appointment Plaintiff's counsel as Class Counsel in this matter;

  d. Attorney's fees;

  e. Costs of litigation; and

    f. Providing such further relief as may be just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 2, 2017        Respectfully submitted,

                     */s/Sean Estes*
                     Sean Estes (Florida Bar No. 55770)
                     sestes@jameshoyer.com
                     JAMES HOYER, P.A.
                     2801 West Busch Blvd., Suite 200
                     Tampa, FL 33618
                     Telephone: 813-375-3700
                     Facsimile: 813-375-3710

                     Earl P. Underwood, Jr.
                     Alabama Bar No. 6591-E35E
                     (*pro hac vice* pending)
                     epunderwood@alalaw.com
                     Kenneth J. Riemer
                     Alabama Bar No. 8172-I66K
                     (*pro hac vice* pending)
                     kjr@alaconsumerlaw.com
                     UNDERWOOD & RIEMER, P.C.
                     21 South Section Street
                     Fairhope, AL 36532
                     Telephone: 251-990-5558
                     Facsimile: 251-990-0626

                     *Attorneys for Plaintiff*